CITY NATIONAL BANK & TRUST CO., APPELLANT, v. WARNOCK ET AL., APPELLEES.

[Cite as City National Bank & Trust Co. v. Warnock (1973), 35 Ohio App. 2d 250.]

(No. 73AP-13—Decided May 8, 1973.)

Mr. John M. Tobin, for appellant.

Mr. Joseph M. Millious, for appellee Mary Gabel Water Conditioning, Inc.

Mr. Charles D. Redmond, for appellees Larry and Patricia A. Warnock.

REILLY, J. This is an appeal from a decision and order of the Franklin County Municipal Court.

The action was initiated in the trial court by plaintiff City National Bank & Trust Company. It alleged in the amended complaint that it was the holder in due course of a note executed by Larry and Patricia A. Warnock. A cognovit judgment was granted, but subsequently vacated. Mary Gabel Water Conditioning, Inc., was made a party plaintiff and the case was tried to the court.

The Warnocks admitted the execution of the note and security agreement as well as performance of the contract. The defense was that Mr. and Mrs. Warnock gave timely notice of their intention to terminate the agreement before complete performance. They testified that on April 14, 1971, a representative of the Mary Gabel Water Conditioning Company, Inc., sold them a water conditioning unit, which was installed the following day. Since both were employed, the representative was given a key to gain access to the premises for the purpose of installing the unit.

The following morning, after a change of mind, Mrs. Warnock endeavored to contact the bank, the water conditioning company and her attorney. She testified she contacted someone at the bank, at about 11 o'clock, who told her the issue was with the water conditioning company. Apparently, the installation was completed sometime before 1 p. m., April 15th. Mr. Warnock acknowledged their residence was outside the city of Columbus.

There was no testimony from any representative of the water conditioning company. Walter Haines, credit man from City National Bank, testified concerning bank procedures in completing the transaction concerning the disbursement of money. He conceded that Mrs. Warnock told him that she chose to cancel the transaction, but when he investigated he found it was already completed. He also testified that his investigation indicated the installation was finished before the transaction was completed.

Therefore, the record in essence shows that a representative of Mary Gabel Water Conditioning, Inc., sold the Warnocks an automatic water conditioner. They executed a note and security agreement to the water conditioner company. The following morning the note and se-

curity agreement were negotiated to plaintiff. At the same time, the water conditioner was installed at the Warnock home, where it remains.

The trial court, in its conclusions of law, found as follows:

"The court further finds that a judgment, other than judgment by confession, would fall under Section 226.9 A and therefore the City National Bank took the defendants' note from Mary Gabel Water Conditioning with knowledge that the note was less than three days old and subject to the defenses that could be raised by the defendants under Section 226.9 of the Federal Reserve System. Therefore, the City National Bank was not a holder in due course as set out in Section 1303.31 of the Ohio Revised Code.

"It is the order of this court that the Second Amended Complaint be dismissed and the note and security agreement are void as to the defendants, Larry Warnock and Patricia A. Warnock. Under Federal Reserve System Regulation 226.9, the water conditioner becomes the property of the defendants. Costs taxed to the plaintiff."

Plaintiff appealed to this court.

Plaintiff does not explicitly advance an assignment of error but, in effect, asserts that the trial court's judgment is contrary to law.

It appears from the record that the primary issue before the trial court was the bank's status as a holder in due course within R. C. 1303.31(A), 1303.33(D) and 1303.-34. The court's decision, however, was based essentially upon the right of rescission by the federal truth in lending law. Parenthetically, the Columbus city ordinance was not pertinent as the Warnocks did not reside within the city.

There is no question that the truth in lending law did apply in this case, which was a consumer transaction. The issue is the right of rescission. 34 F. R. 2002, Banks and Banking, Section 226.9 (Regulation Z), provides, in pertinent part:

"(a) General rule. Except as otherwise provided in this section, in the case of any credit transaction in which

a security interest is or will be retained or acquired in any real property which is used or is expected to be used as the principal residence of the customer, the customer shall have the right to rescind that transaction until midnight of the third business day following the date of consummation of that transaction or the date of delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later, by notifying the creditor by mail, telegram, or other writing of his intention to do so. * * *"

The note in this case, attached to plaintiff's complaint as Exhibit A and made a part thereof, includes the following language:

"* * * provided, however, that any judgment obtained against any party to this note under the terms of this confession of judgment clause shall preclude the holder of this note, for so long as such judgment exists, from asserting a lien on any real property which is used, or is expected to be used, as the principal residence of such party. * * *"

Hence, the security interest was in the water softener. Moreover, the note's cognovit clause was not effective as plaintiff sought a judgment which could have been utilized as a lien. In any event, under Ohio law a judgment may become a lien on realty only upon an affirmative act of the judgment creditor. R. C. 2329.02, in pertinent part, reads as follows:

"Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state *from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment,* setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the

judgment, and the volume and page of the journal entry thereof.'' (Emphasis added.)

This is an action at law, not equity. Mr. and Mrs. Warnock entered a voluntary agreement with the water conditioning company. The monetary consideration specified in the note was six hundred ninety-nine dollars. The company performed and assigned the note to plaintiff for value, before maturity, without notice of defect, or knowledge of a defense. [R. C. 1303.31(A).] Hence, plaintiff took the note as a holder in due course. Payments have not been made and defendants do not have a personal or real defense under the Ohio Uniform Commercial Code. The federal truth-in-lending law is applicable to this case. The right of rescission, however, for the foregoing reasons is not applicable.

Therefore, the judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with this decision.

*Judgment reversed.*

TROOP, P. J., and STRAUSBAUGH, J., concur.